IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RANDY L. MARTINEZ,**

        **Plaintiff,**

vs.                                         Civ. No.  10-652 JH/WDS

**OFFICER MARVIN LUJAN and
NEW MEXICO DEPARTMENT OF
PUBLIC SAFETY,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *State Defendants' Motion to Dismiss No. I: Dismissal of Plaintiff's Fourteenth Amendment Equal Protection and New Mexico Constitution Claims* [Doc. No. 11]. In a Memorandum Opinion and Order entered contemporaneously with this one, the Court granted Defendants' motion for summary judgment on Plaintiff's § 1983 claims for violation of his rights against unreasonable seizure, malicious prosecution, unlawful arrest, and false imprisonment. Now, the Court turns to the motion to dismiss Plaintiff's claims that Defendants violated his federal constitutional right to equal protection, as well as his rights under the New Mexico constitution. Defendants contend that the claims should be dismissed in accordance with Rule 12(b)(6). After reviewing the complaint, the briefs filed by the parties, and the relevant authorities, the Court concludes that the motion should be granted in part, and the Court requests further briefing from the parties.

## LEGAL STANDARD

To overcome a motion to dismiss, "the complaint must include 'enough facts to state a claim

to relief that is plausible on its face.' " *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, — U.S. ----, 129 S.Ct. 1937, 1949 (2009)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations and citations omitted). But because dismissal under Rule 12(b)(6) "is a harsh remedy, . . . a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (citations and quotations omitted).

## FACTS ALLEGED IN THE COMPLAINT

On July 5, 2008, Plaintiff Randy Martinez ("Martinez") was visiting relatives in Las Vegas, New Mexico. While Martinez was driving, Defendant Marvin Lujan ("Lujan"), an officer with the New Mexico State Police, pulled Martinez over for speeding. Lujan was driving his police vehicle, was in full uniform, and was acting under color of state law. Upon Lujan's request, Martinez produced his driver's license, registration, and proof of insurance. Lujan then asked Martinez if he had been drinking. Martinez responded that he had consumed one beer earlier in the day, but he had not been drinking for several hours since that time. Although Lujan said that he detected the odor of alcohol coming from Martinez' vehicle, this could not be true because no one had been drinking alcohol in the car and there were no open containers in the vehicle. After looking at Martinez'

identification, which revealed that he was from Chimayo, New Mexico, Lujan performed field sobriety tests on Martinez solely because he was from Chimayo. Lujan then arrested Martinez for driving under the influence of intoxicating liquor or drugs and took him to the New Mexico State Police station. Lujan noted on his report that Martinez' demeanor and performance on the field sobriety tests supported the arrest, despite Martinez' protests that he was not under the influence.

At the police station, after the mandatory 20-minute observation and deprivation period, Lujan administered two breath tests on Martinez. Both times, the results showed a .00% blood alcohol level. At no point did Lujan ever state that the breathylizer machine was not operating properly. Then Lujan threatened Martinez, telling him that if he did not agree to a blood test, his license would be revoked for a year. Not wanting to lose his license, Martinez agreed to the blood draw. Immediately thereafter, Lujan booked Martinez into the San Miguel County Jail for driving under the influence, a charge that was unsupported by evidence.

Lujan filed a criminal complaint against Martinez, charging him with driving under the influence of alcohol or drugs in violation of NMSA 1978, § 66-8-102. In doing this, Lujan certified that all information contained in the criminal complaint was true, despite the fact that Lujan knew that the breath tests had shown a .00% blood alcohol level. Therefore, he intentionally lied. Lujan received Martinez' blood test from the New Mexico Department of Health, Toxicology Bureau, which showed that he had no alcohol or drugs in his system. However, Lujan still proceeded with his case against Martinez, despite knowing there was no evidence to convict him. Eventually, all charges against Martinez were dismissed due to lack of evidence. Martinez alleges that the New Mexico Department of Public Safety failed to properly train and supervise Lujan in performing his job. As a result of the foregoing, Martinez has suffered injury to his reputation, as well as mental anguish, humiliation, pain, and suffering.

In his Complaint [Ex. A to Doc. No. 1], Martinez alleges federal constitutional claims against Lujan for wrongful arrest, false imprisonment (¶16) and malicious prosecution (¶24). He further asserts claims for unreasonable seizure (¶18), violation of the right to due process (¶19), and violation of his right to equal protection (¶19) under both the constitutions of the State of New Mexico and the United States. In addition, Martinez also asserts claims against Lujan's employer, the New Mexico Department of Public Safety, for negligent failure to train (¶21) and negligent supervision (¶22).

In a Memorandum Opinion and Order entered contemporaneously with this one, the Court has granted summary judgment in favor of the Defendants on Martinez' federal constitutional claims for unreasonable seizure, wrongful arrest, false imprisonment, and malicious prosecution. Now, the Court turns to Martinez' remaining federal claims.

## DISCUSSION

### I.  FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM

Equal protection "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). Defendants move to dismiss Martinez' claim for violation of his right to equal protection under the Fourteenth Amendment of the United States constitution. They contend that Martinez has failed to properly allege that he is a "class of one" who has been treated differently than other similarly situated individuals and therefore has failed to state a claim.

The crux of Martinez' equal protection claim is that Lujan performed field sobriety tests and ultimately arrested Martinez for driving under the influence solely because he is from Chimayo, New Mexico. Martinez' allegations regarding Lujan's conduct do not implicate either a suspect

class (e.g., race, national origin, alienage, gender, legitimacy) or a fundamental right (e.g., right to privacy, right to vote, right to interstate travel). As such, the claim falls under the rubric of a "class-of-one" equal protection claim, explicitly recognized in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000).[1]  *See, e.g., Jennings v. City of Stillwater*, 383 F.3d 1199, 1210, 1215 (10th Cir. 2004) (analyzing victim's "reverse-selective enforcement claim" for inadequate investigation of crime under "class of one" principles). An essential element of such a claim is that the plaintiff "has been intentionally treated differently from others similarly situated." *Olech*, 528 U.S. at 564, 120 S.Ct. 1073; *see, e.g., Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001) ("As with any equal protection claim, [the plaintiff in a "class of one" case] must also demonstrate that he was treated differently than another who is similarly situated." (quotation omitted)).

Here, Martinez alleges that Lujan performed investigatory roadside tests on him, and then later arrested him, because he was from Chimayo. However, Martinez does not allege that Lujan treated him differently than any other similarly situated driver from somewhere other than Chimayo. As the Tenth Circuit has explained, for selective and reverse-selective enforcement claims the plaintiff must "provide compelling evidence of other similarly situated persons who were in fact treated differently," because "the multiplicity of relevant (nondiscriminatory) variables" involved in law enforcement decisions "are not readily susceptible to the kind of analysis the courts are competent to undertake" in assessing equal protection claims. *Grubbs v. Bailes*, 445 F.3d 1275, 1281-82 (10th Cir. 2006) (quoting *Jennings*, 383 F.3d at 1214-15). While evidence certainly is not

---

[1] "Class of one" is somewhat of a misnomer, in that what distinguishes such claims is the absence of a constitutionally salient class identification, not the number of plaintiffs per se. *See Olech*, 528 U.S. at 564 n. *, 120 S.Ct. 1073.

5

required at the pleading stage, Martinez must at least allege facts that support his claim that he was treated differently because of his hometown. This he has failed to do, instead making the conclusory allegation that Lujan was motivated solely by Martinez' residence. Accordingly, the motion to dismiss will be granted, and the equal protection claim will be dismissed without prejudice.

## II.     FEDERAL DUE PROCESS CLAIM AND STATE CONSTITUTIONAL CLAIMS

Martinez has asserted a claim for violation of his federal constitutional right to due process. *See* Complaint, Ex. A to Doc. No. 1, at ¶ 19. Defendants have moved either to dismiss, or for an order of summary judgment, as to every other claim in Martinez' complaint save this one. The Court assumes that this is an oversight by the Defendants. If that is indeed the case, the Court grants the Defendants until July 22, 2011 to file a motion to dismiss or a motion for summary judgment on this claim. Plaintiff's response must be filed no later than August 1, 2011.

The Court will withhold ruling on Defendants' motion to dismiss Martinez' state constitutional claims at this time.

_____
UNITED STATES DISTRICT JUDGE