**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**RANDY L. MARTINEZ,**

        **Plaintiff,**

**vs.**                                                                               **Civ. No.  10-652 JH/WDS**

**OFFICER MARVIN LUJAN and**
**NEW MEXICO DEPARTMENT OF**
**PUBLIC SAFETY,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the *State Defendants' Motion for Partial Summary Judgment No. II: Dismissal of Plaintiff's Fourteenth Amendment Substantive and Procedural Due Process Claims* [Doc. No. 50].  The Court has reviewed not only the motion, but also the Plaintiff's response and the applicable legal authorities.  After doing so, the Court concludes that the motion should be granted.  As a result, all that remain in the case are Plaintiff's claims under the New Mexico constitution, and possibly a common law claim for false imprisonment.  The Court declines to exercise supplemental jurisdiction over those claims and will remand the case to the First Judicial District Court, Rio Arriba County, New Mexico.

**DISCUSSION**

The Court invited the parties to brief the issue of whether Defendants were entitled to either dismissal or summary judgment on Plaintiff Randy Martinez's federal constitutional due process claim—the only claim arising from federal law that the other dispositive motions filed by Defendants did not address.  The Court set forth summary judgment facts and legal standard in its

Memorandum Opinion and Order entered July 11, 2011 [Doc. No. 48], and incorporates those sections herein.

## I.   SUBSTANTIVE DUE PROCESS

To state a claim for relief for a violation of substantive due process, a plaintiff must demonstrate that the defendant's conduct is "arbitrary, lacking a rational basis, or shocking to the conscience of the Court." *Butler v. Rio Rancho Public Sch. Bd. of Educ.*, 341 F.3d 1197, 1200–01 (10th Cir. 2003). Martinez claims that he was arrested (seized) and subjected to breath and blood alcohol tests (both of which amount to a search) without probable cause. However, as the Court has previously discussed in its Memorandum Opinions and Orders entered on July 11, 2011, the Defendants' conduct toward Martinez was not unreasonable under the circumstances.

Further, Defendants argue that Martinez cannot base a substantive due process claim on these allegations, which must be governed instead by the standards of the Fourth Amendment. The Court agrees. In *Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807 (1994), a plurality of the Supreme Court stated, "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims" (internal quotation marks omitted)). That is certainly true in this case, where the Fourth Amendment's protection against unreasonable search and seizure provides the specific rights that Martinez is seeking to vindicate. *See id.* at 281, 114 S.Ct. 807 (Kennedy, J., concurring in judgment) ("I agree with the plurality that an allegation of arrest without probable cause must be analyzed under the Fourth Amendment without reference to more general considerations of due process"). As the Supreme Court explained, "[t]he Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Id.* at 274.

Conversely, Martinez has failed to demonstrate how Defendants violated his clearly established substantive due process rights. Martinez appears to rely upon *Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008), to argue that he has a viable claim for malicious prosecution. *See* Doc. No. 52 at 2. However, this approach fails for several reasons. First, as the Tenth Circuit noted in *Wilkins*, "the Supreme Court specifically excluded substantive due process as the basis for a malicious prosecution claim." *Id*. at 797 n.4 (citing *Albright*, 510 U.S. at 274-75). Second, this Court has previously found that Defendants are entitled to summary judgment on Martinez' malicious prosecution claim because Lujan had probable cause to arrest and charge Martinez with driving under the influence. Thus, Martinez cannot satisfy an element of the cause of action, requiring summary judgment in Defendants' favor. *See* Doc. No. 48, Memorandum Opinion and Order entered July 11, 2011, at 8-12. Third, in *Wilkins* the issue was whether the plaintiffs' extended pretrial detention—which occurred largely on the basis of affidavits signed by the defendant police officers in support of arrest warrants—violated plaintiffs' constitutional rights. *See Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S.Ct. 854, 862, 43 L.Ed.2d 54 (1975) (holding that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to any extended restraint on liberty following an arrest). In *Wilkins* the Tenth Circuit observed that one may challenge either the judicial determination rendered at the required pre-detention probable cause hearing or the basis for a finding of probable cause founded on the contents of an arrest warrant. 528 F.3d at 798-99. *Wilkins* is inapplicable here because there is nothing in the record to suggest that Martinez was subjected to an extended restraint on his liberty after his arrest. Fourth, Martinez argues that Lujan's failure to include exculpatory facts in the criminal complaint "vitiates the Officer's probable cause." Doc. No. 52 at 2. Again, Martinez has confused the requirements for the contents of an arrest warrant with those for the contents of a criminal complaint. There is

3

no doubt that a finding of probable cause to arrest may be undermined by the affiant's failure to include exculpatory facts in the affidavit supporting the arrest warrant. However, that is not the circumstance presented here. Martinez comes forward with no authority holding that a police officer must include exculpatory facts in a criminal complaint. As a result, the Court concludes that the Defendants are entitled to summary judgment on Martinez' substantive due process claim.

Next, Martinez suggests for the first time that he has a common law claim for false imprisonment. This Court has previously granted summary judgment in favor of Defendants on Martinez' constitutional false arrest claim under § 1983 because Lujan had probable cause to arrest Martinez. *See* Doc. No. 48. Martinez did not raise the possibility of a common law false imprisonment claim in the prior briefing. However, for reasons explained in Section III, *infra*, the Court need not determine whether Martinez has a viable false imprisonment claim under state law and therefore expresses no opinion on that issue.

Finally, Martinez suggests for the first time that Defendants violated his Sixth Amendment right to counsel, stating "at no time was the Plaintiff able to consult with an attorney." Doc. No. 52 at 4. Martinez' complaint contains no hint of any claim of a violation of his constitutional right to counsel, nor did he raise the claim at any point in the prior briefing. Having failed to properly plead a Sixth Amendment claim, Martinez cannot raise it at this late juncture.[1]

## II.   PROCEDURAL DUE PROCESS

Defendants also move for summary judgment on Martinez' procedural due process claim.

---

[1] The case is set for trial on August 15, 2011, less than two weeks from the filing of Martinez' response to the motion for summary judgment in which he first raises the specter of a Sixth Amendment claim.

Procedural due process is a guarantee that the state will not deprive individuals of a protected liberty or property interest without the benefit of procedures such as notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893 (1976). There are two elements of a Section 1983 claim for deprivation of procedural due process. The plaintiff must establish that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide due process of law." *See Chambers ex rel. Chambers v. School Dist. of Philadelphia Bd of Educ.*, 587 F.3d 176, 194 (3d Cir. 2009). The state typically should afford an individual a pre-deprivation hearing. *Fuentes v. Shevin*, 407 U.S. 67, 81, 92 S.Ct. 1983 (1972). However, in special circumstances, a state may satisfy the requirements of procedural due process merely by making available "some meaningful means by which to assess the propriety of the State's action at some time after the initial taking." *Parratt v. Taylor*, 451 U.S. 527, 539, 101 S.Ct. 1908 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986).

Confusingly, Martinez concedes in his response that he is not asserting a procedural due process claim in this case. Doc. No. 52 at 5 ("Plaintiff does not make a claim for procedural due process but for substantive due process."). Immediately after making that statement, however, Martinez goes on in his response brief to argue the merits of the arguments raised by the Defendants. Though the nature of Martinez' argument is far from clear, it seems to be that by arresting and charging him without probable cause, Lujan deprived Martinez of both substantive and procedural due process. Of course, this Court has already concluded that Martinez' arrest was supported by probable cause. Martinez fails to show how the Defendants owed him anything more than the pre-arrest process dictated by the Fourth Amendment. Thus, Defendants' motion for summary judgment on procedural due process will be granted.

### III.     PENDENT STATE LAW CLAIMS

Having either dismissed or entered summary judgment on all of Martinez' claims arising under federal law—claims over which this Court had original jurisdiction—the question remains whether this Court should continue to exercise supplemental jurisdiction over Martinez' claims under state law.  Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state-law claim for a number of reasons, including if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Indeed, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

The Court concludes that it should decline to exercise supplemental jurisdiction over Martinez' remaining state law claims, some of which raise unresolved questions under the New Mexico constitution that are best decided by the New Mexico courts.  Therefore, the Court will remand the case to the First Judicial District Court, County of Rio Arriba, New Mexico.

**IT IS THEREFORE ORDERED** that the *State Defendants' Motion for Partial Summary Judgment No. II: Dismissal of Plaintiff's Fourteenth Amendment Substantive and Procedural Due Process Claims* [Doc. No. 50] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

_____
UNITED STATES DISTRICT JUDGE